IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ACCESS MORTGAGE & FINANCIAL CORP.,
a Michigan Corporation,

    Plaintiff,

vs

ACCESS MORTGAGE CORP.,
a Florida corporation,

    Defendant.
_____/

**03-71527**

Case No.
The Hon. AVERN COHN

MAGISTRATE JUDGE R. STEVEN WHALEN

Lawrence R. Jordan (P27169)
Joseph H. Heckendorn (DC Bar # 476601)
(admitted in MD and DC only)
JAFFE, RAITT, HEUER & WEISS, PC
201 S. Main St., Suite 300
Ann Arbor, MI 48104
(734) 222-4776
_____/

## COMPLAINT

Plaintiff, ACCESS MORTGAGE & FINANCIAL CORPORATION ("ACCESS MORTGAGE & FINANCIAL"), a Michigan Corporation, complains against Defendant Access Mortgage Corp. ("Access Mortgage"), a Florida Corporation, as follows:

### Parties

1. Plaintiff is a mortgage and financial services company duly organized and existing under the laws of the State of Michigan, with its principal place of business located at 420 S. Waverly, Lansing, Michigan, 48917 and multiple branch locations throughout the State of Michigan,

including branch locations in Ypsilanti, Michigan, Kensington, Michigan, and Sterling Heights, Michigan.

2. Upon information and belief, Defendant Access Mortgage is a banking corporation duly organized and existing under the laws of the State of Florida, with its principal place of business located at 425 Hollywood Blvd., Mary Esther, Florida 32569.

### Jurisdiction and Venue

3. The claims made in this Complaint arise under the trademark laws of the United States, 15 U.S.C. §§ 1051, *et seq.* and Michigan common law. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1338 (copyright and trademark jurisdiction), 28 U.S.C. § 1367 (supplemental jurisdiction), and 15 U.S.C. § 1121.

4. The claims made in this Complaint arise out of specific business acts transacted by the Defendant. These acts constitute a sufficient basis of jurisdiction to enable this Court to exercise limited personal jurisdiction over such corporation and to enable this Court to render personal judgments against such corporation arising out of the act or acts. Thus, this Court has personal jurisdiction over the Defendant pursuant to the Michigan long-arm statute, M.C.L. § 600.715.

5. Venue properly lies in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391 (b) and (c). Acts giving rise to the following causes of action have occurred and are occurring in the Eastern District of Michigan, as well as elsewhere. Additionally, Defendant, a corporation, is subject to personal jurisdiction in the Eastern District of Michigan.

### Factual Allegations Common to All Counts

6. Plaintiff incorporates the allegations contained in Paragraphs 1 through 5 as if fully set forth herein.

7. Plaintiff has used the mark "ACCESS MORTGAGE & FINANCIAL CORPORATION" in commerce since 1998. The mark is used in advertising, on the Internet, and on business documents and correspondence.

8. Plaintiff has been licensed by the State of Michigan's to operate as a First Mortgage Licensee under the trade name "Access Mortgage& Financial Corporation" since March of 1999. A copy of the web profile is attached as Exhibit 1.

9. Plaintiff has been licensed by the State of Michigan's to operate as a Second Mortgage Registrant under the trade name "Access Mortgage& Financial Corporation" since March of 1999. A copy of the web profile is attached as Exhibit 2.

10. Plaintiff is registered as a Michigan corporation with the Michigan Bureau of Commercial Services under the trade name "ACCESS MORTGAGE & FINANCIAL CORPORATION" since October 13, 1998. A copy of the web profile is attached as Exhibit 3.

11. Plaintiff is a successful mortgage and financial services company and currently serves customers throughout the State of Michigan.

12. On or about March 17, 2003, Plaintiff received a letter from counsel for Defendant demanding that Plaintiff discontinue the use of the name "ACCESS MORTGAGE & FINANCIAL CORPORATION" and take other specified steps related to that trademark. A copy of this letter is attached as Exhibit 4.

13. On April 4, 2003, counsel for Plaintiff replied to the above letter refusing to discontinue its use of its trade name "ACCESS MORTGAGE & FINANCIAL CORPORATION." A copy of this letter is attached as Exhibit 5.

14. On or about April 9, 2003, counsel for Defendant indicated that they were turning the matter over to a litigation firm that would pursue the matter.

## COUNT I – DECLARATORY JUDGMENT

15. Plaintiff repeats and realleges all allegations in Paragraphs 1-14 as though fully set forth herein.

16. There exists a present case and actual controversy between the parties within the jurisdiction of this Court. Plaintiff is entitled to a Declaratory Judgment declaring the rights and other legal obligations and relations of the parties.

17. Wherefore, Plaintiff is entitled, as a matter of law, to a Declaratory Judgment with respect to the following facts and legal issues:

    a) Plaintiff has established a valid common-law trademark in the name "ACCESS MORTGAGE & FINANCIAL CORPORATION."

    b) Plaintiff's use of the tradename "ACCESS MORTGAGE & FINANCIAL CORPORATION" is not likely to cause confusion with the Defendant's use of its mark nor does it violate any other rights of Defendant.

    c) Plaintiff has a right to the continued use of the trade name "ACCESS MORTGAGE & FINANCIAL CORPORATION" in connection with its mortgage financing business.

## COUNT II – CANCELLATION OF MARK

18. Plaintiff repeats and realleges all allegations in Paragraphs 1-17 as though fully set forth herein.

19. Defendant holds a federal registration (Reg. No. 2,266,161) for "ACCESS MORTGAGE CORPORATION", however, the registration disclaims the descriptive words "MORTGAGE" and "CORPORATION." A copy of Defendant's registration is attached at Exhibit 6.

20. The term "ACCESS" is used pervasively throughout the mortgage financing industry. A preliminary trademark search returns over 1780 trademarks using the name "ACCESS" and over 600 applications for use of the name "ACCESS" in the mortgage financing industry. A copy of a preliminary trademark search is attached at Exhibit 7.

21. Defendant has wrongfully obtained registration for the mark "ACCESS" in the United States Patent and Trademark Office, No. 2,266,161 because the mark is not distinctive in the industry and does not meet the requirements for protection under the Lanham Act.

22. Defendant's use of the registered service mark is likely to cause confusion, or to cause mistake, or to deceive consumers and the public.

23. This Court has the authority, pursuant to 15 USC § 1119, to order cancellation of Defendant's registration, No. 2,266,161.

WHEREFORE, Plaintiff prays that this Honorable Court

(a) Order cancellation of Registration No. 2,266,161; and

(b) Certify such order to the Director of the United States Patent and Trademark Office for appropriate entry of the cancellation.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment against Defendant and in its favor, declaring Plaintiff has the right to use its tradename, cancellation of Defendant's trademark registration, and awarding to Plaintiff any amounts to which it is entitled, plus statutory costs, interest, and attorney fees and such other relief as it deems just.

Dated: April 18, 2003                  JAFFE, RAITT, HEUER & WEISS, PC

                                          By: _____
                                                  Lawrence R. Jordan (P27169)
                                                  Joseph H. Heckendorn (DC Bar # 476601)
                                                  (admitted in MD and DC only)
                                                  Attorneys for Plaintiff
                                                  201 S. Main St., Suite 300
                                                  Ann Arbor, MI 48104
                                                  (734) 222-4776

0922323.01

6